UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BRIAN L. DEBORD, )
)
    Plaintiff, )
) Case No: 1:17-cv-279
  v. )
) Judge Christopher H. Steger
NANCY A. BERRYHILL )
Acting Commissioner of Social Security, )
)
    Defendant. )

## MEMORANDUM OPINION

**I. Introduction**

Before the Court is Plaintiff's Motion for Judgment on the Pleadings [Doc. 11] in which Brian Debord ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), which amounts to the final decision of the Commissioner of Social Security ("Commissioner"). Also before the Court is Defendant's Motion for Summary Judgment [Doc. 17].

For reasons that follow, Plaintiff's Motion for Judgment on the Pleadings [Doc. 11] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 17] will be **GRANTED**, and the decision of the ALJ will be **AFFIRMED**. Judgment will be entered in favor of the Defendant.

**II. Procedural History**

In 2011, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-434. His application was denied initially, upon reconsideration, and after a May 2014 hearing in which the ALJ found that Plaintiff was able to perform a reduced range of sedentary work. The appeals council denied a request for review.

Plaintiff filed a second application for DIB and SSI under Title II, alleging disability as of May 20, 2014—the day after his initial denial (Tr. 17). Plaintiff's claims were denied, and he requested a hearing before an administrative law judge (*Id.*). In November 2016, the ALJ heard testimony from Plaintiff and a vocational expert, as well as argument from his attorney (*Id.* at 17-26). Following the second hearing, the ALJ found that Plaintiff was not under a "disability" as defined by the Act (*Id.* at 26). In doing so, the ALJ discussed the weight to be given to the Plaintiff's first claim determination, noting the following:

> Under Acquiescence Ruling 98-3(6) AND 98-4(6), in making a disability determination or decision on a subsequent disability claim with respect to an un-adjudicated period, where the claim arises under the same title of the Social Security Act as a prior claim on which there has been a final decision by an Administrative Law Judge (ALJ) or the Appeals Council, the Social Security Administration must adopt a finding of a claimant's residual functional capacity or other finding required under the applicable sequential evaluation process made in the final decision by the ALJ or the Appeals Council unless there is new and material evidence relating to such a finding or a change in the law, regulations, or rulings affecting the finding or the method for arriving at the finding.

(*Id.* at 19) (referencing *Dennard v. Secy. of Health and Human Servs.*, 907 F.2d 598 (6th Cir. 1990) and *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997)). Following such guidance concerning Plaintiff's second disability application, the ALJ stated that the residual-functional-capacity determination from Plaintiff's first "decision of May 19, 2014, was for a reduced range of sedentary work. New evidence submitted does not show a change in the [Plaintiff's] condition, and thus I am required to accept this residual functional capacity." (*Id.* at 25). The ALJ then concluded that Plaintiff was not under a disability. (*Id.* at 26).

After the ALJ rendered his decision denying benefits, Plaintiff requested review from the Appeals Council. This request was rejected. (*Id.* at 1-3). Plaintiff has exhausted his administrative

remedies, and the ALJ's decision stands as the "final decision" of the Commissioner subject to judicial review. 42 U.S.C. §§ 405(g) and 1383(c)(3). Having been through the administrative process, Plaintiff filed his Complaint on October 6, 2017, seeking judicial review of the Commissioner's final decision under § 405(g) [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Sixth Circuit [Doc. 16].

**III.    Findings by the ALJ**

In his decision, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015.

2. Plaintiff had not engaged in substantial gainful activity from May 20, 2014, through his date last insured of December 31, 2015 (20 C.F.R. 404.1571 *et seq.*).

3. Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; a history of herniated disc pulposus at L5-S1; status post treatment for a right femur fracture, degenerative joint disease in his right leg; and obesity (20 C.F.R. 404.1520(c)).

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526)).

5. Absent certain limitations, Plaintiff retained the residual functional capacity to perform certain sedentary work as defined in 20 CFR 404.1567(a).

6. Plaintiff is unable to perform any past relevant work through the date last insured (20 C.F.R. 404.1565).

7. Plaintiff was born on July 23, 1971, and was 44 years old, which is

defined as a younger individual age 18-44 on the date last insured (20 C.F.R. 404.1563).

8. Plaintiff has at least a high school education and can communicate in English (20 C.F.R. 404.1564).

9. Transferability of job skills is not material to the determination of disability because Plaintiff's using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Through the last-insured date and considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the Plaintiff could have performed (20 C.F.R. 404.1569 and 404.1569(a)).

11. Plaintiff was not under a disability, as defined in the Social Security Act, from May 20, 2014, the alleged onset date, through December 31, 2015, the date last insured (20 C.F.R. 404.1520(g)).

(Tr. at 19-26).

## IV. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if he: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1). The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, a claimant must establish he is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an

adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he is not disabled; (2) if the claimant does not have a severe impairment he is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he is disabled; (4) if the claimant is capable of returning to work he has done in the past he is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that he cannot return to his former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he can perform considering his age, education and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard

allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

The court may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, for purposes of substantial evidence review, the court may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the Court is not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

**V.     Analysis**

Plaintiff asserts that the ALJ committed three reversible errors when applying the five-step sequential process. Each of these alleged errors will be identified and discussed below.

**A.     Did the ALJ err in determining that Plaintiff failed to meet Listing 1.04?**

Plaintiff's first contention is that the ALJ erred by not finding that he met Listing 1.04 [Doc. 12 at PageID #: 399-402].

A claimant bears the burden that he meets a listed impairment at the third step of the sequential evaluation. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987).

An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. § 416.925(d). A claimant does not satisfy a listing unless all of the requirements of the listing are present. *Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). *See also Thacker v. Soc. Sec. Admin.*, 93 Fed. Appx. 725, 728 (6th Cir. 2004) ("When a claimant alleges that [they] meet[ ] or equal[ ] a listed impairment, [they] must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.") If a claimant successfully carries this burden, the Commissioner must find that the claimant is disabled without considering his age, education, and work experience. 20 C.F.R. § 416.920(d).

Listing 1.04 governs disorders of the spine and requires that the spinal condition result "in compromise of a nerve root . . . or the spinal cord." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04. There must also be:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

*Id.* Also, the regulations require that the abnormal findings must be established over a period: "Because abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(D).

Although Plaintiff contends that he meets Listing § 1.04 A., he fails to cite to any evidence to support his argument. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (affirming that "a

claimant has the burden of demonstrating that her impairment meets or equals a listed impairment" and that "[a] claimant must demonstrate that her impairment satisfies the diagnostic description for the listed impairment to be found disabled thereunder."). Here, Plaintiff does not demonstrate that he satisfies the diagnostic description for the listed impairment. As the ALJ noted, there is no evidence demonstrating nerve-root compression for Plaintiff's condition (Tr. 21). The record also does not show that Plaintiff had difficulty getting on and off the examination table, rising from a squatting position, or walking on heels and toes to suggest significant motor loss. See 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.00E(1). Rather, Dr. Holland observed at Plaintiff's June 2015 examination that Plaintiff could sit and rise from a seated position easily, got on and off the examination table unassisted, and could walk on his heels and toes (Tr. 320-21). The lack of evidence of nerve-root compression and significant motor loss thus precludes Plaintiff's meeting of listing 1.04A. *See Post v. Comm'r of Soc. Sec.*, No. 1:10-cv-271, 2011 WL 4954053, *7 (W.D. Mich. Sept. 26, 2011) ("Plaintiff did not carry his burden of providing medical evidence establishing the motor loss and sensory loss required by listing 1.04(A) . . . . Dr. Kidwai did not provide the circumferential measurements required by the listing.").

    **B.**    **Did the ALJ err by failing to assess Plaintiff as being limited to performing less than a full range of sedentary work?**

Next, Plaintiff contends that the ALJ "committed reversible errors by finding [that] [Plaintiff's] statements as to the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record." [Doc. 12 at PageID #: 401]. However, Plaintiff's arguments about his credibility as well as subjective complaints of pain, are determinations within the ALJ's discretion. *See Ritchie v. Comm'r of Soc.*

*Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (recognizing that the Sixth Circuit holds the ALJ's credibility findings to be virtually "unchallengeable") (citations omitted). In fact, the ALJ's findings on credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. Those findings, however, must be supported by substantial evidence. *Id.* Finally, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

Turning to Plaintiff's subjective complaints of pain, in *Duncan v. Secretary of Health and Human Services*, the Sixth Circuit noted the following for evaluating subjective complaints:

> First, we examine whether there is objective medical evidence in an underlying medical condition. If there is, we then examine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

801 F.2d 847, 853 (6th Cir. 1986). Whether the objective evidence confirms the severity of the alleged pain or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain, the ALJ must consider the following factors: (i) daily activities; (ii) the location, frequency, and intensity of the pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) treatment, other than medication, received or have received for relief of pain or other symptoms; (vi) any measures that are used or were used to relieve pain or other symptoms; (vii) other factors concerning functional limitations and restrictions due to pain or other symptoms. Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *3 (July 2, 1996) (citing 20 C.F.R. § 1529(c)(4)).

In considering Plaintiff's symptoms as well as the medical evidence, the ALJ found that Plaintiff's allegations regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible. *See* 20 C.F.R. § 404.1529 ("In determining whether you are disabled, we consider all of your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). As a basis for this finding, the ALJ found the lack of objective evidence to support Plaintiff's complaints, intermittent treatment, activities of daily living, discrepancies within the evidence, and the medical opinions not being supportive of the alleged disability (Tr. at 24-25, 37).

For instance, although Plaintiff reported that he was in excruciating pain, his medical sources repeatedly observed that he was not in distress (*See, e.g.*, Tr. 22-24, 273, 276, 278, 331, 334). Dr. Voytik, Plaintiff's orthopedic surgeon, found in June 2014 that Plaintiff had only "mild neck pain" and "mild mechanical back pain." (Tr. 22, 307). Even though Plaintiff complained of having difficulties in standing, walking, and lifting weight, Dr. Voytik noted that Plaintiff had no motor deficits or muscle atrophy (*Id.*). Further, in July 2014, Nurse Practitioner Edwards noted that Plaintiff walked with a normal gait with no assistive devices (*Id.* at 269).

The ALJ also found that Plaintiff's daily activities were inconsistent with his alleged disability symptoms. Plaintiff admitted, for example, that he could occasionally lift objects weighing up to 25 pounds and frequently lifted objects weighing between 10 to 15 pounds (Tr. 25, 37). An ALJ may find a claimant's statements "less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." *See* SSR 96–7p, 1996 WL 374186, at *7. *See also McKnight v. Sullivan*, 927 F.2d 241,

242 (6th Cir. 1990) (if claimant cannot afford prescribed treatment or medicine and can find no way to obtain it, "a condition that is disabling in fact continues to be disabling in law")).

Overall, the Court finds that Plaintiff's complaints related to his reliability as well as subjective pain are credibility findings within the ALJ's discretion. *See Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). *See also Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984) (upholding a denial of benefits when the "medical evidence reflected that appellant's impairments were controlled with medication and were not seriously disabling."). When objective evidence alone cannot establish a disability, the ALJ has the "power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Walters*, 127 F.3d at 531 (citing *Bradley v. Sec'y of Health and Human Servs.*, 862 F.2d 1224, 1227 (6th Cir.1988). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.* at 531–32 (citing *Bradley*, 862 F.2d at 1227; *cf. King v. Heckler*, 742 F.2d 968, 974–75 (6th Cir.1984) (noting the lack of substantial evidence for an adverse credibility finding where the only reasonable conclusion supported by the evidence is that the claimant does not possess the RFC to perform any gainful employment). The evidence regarding the severity of Plaintiff's impairments is inconsistent and can support more than one reasonable conclusion. Because the ALJ gave numerous reasons, supported by the record, for determining that the Plaintiff's subjective allegations were not entirely credible, the Court will not second-guess the ALJ's finding. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713–14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual

conclusions, we are not to second-guess.").

## C. Did the ALJ commit reversible error by finding Plaintiff is not disabled?

Plaintiff finally contends that the ALJ's residual functional capacity determination is not supported by substantial evidence in that the ALJ should have adopted more limitations for Plaintiff [Doc. 12 at PageID #: 403-404]. Although Plaintiff disagrees with the ALJ's RFC finding, he points to no error in the ALJ's analysis. To the contrary, substantial evidence supports the ALJ's RFC finding (Tr. 21-25). Where, as here, the ALJ articulates both: (1) the inconsistencies on which he relied in rejecting Plaintiff's subjective complaints of disabling limitations; and (2) the evidence supporting his RFC finding, courts should affirm the ALJ's decision. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713-14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess.").

After considering all of the record evidence, the ALJ formulated his RFC finding (Tr. 21-25). Consistent with Acquiescence Ruling 98-4(6), the ALJ evaluated whether there was new and material evidence providing a basis for a different RFC finding than the one reached in Plaintiff's prior decision from May 19, 2014 (Tr. 25, 53). *See* AR 98-4(6), 1998 WL 283902 (S.S.A. 1998). The ALJ found that the evidence at issue, in this case, did not demonstrate a change in Plaintiff's condition. Consequently, he adopted the RFC from the May 2014 decision (Tr. 25, 53). Specifically, the ALJ found that Plaintiff could perform sedentary work as defined in the regulations except that Plaintiff could not use ladders, ropes, or scaffolds (Tr. 21). The ALJ restricted Plaintiff to only occasionally using ramps and stairs and occasionally balancing, stooping, crouching, kneeling, and crawling (*Id.*). Plaintiff likewise needed to avoid concentrated exposure to extreme cold, wetness, and humidity, and he must avoid all use of moving machinery

and exposure to unprotected heights (*Id.*).

Plaintiff argues that the ALJ erred in finding that Plaintiff could successfully perform other work existing in significant numbers in the national economy because he contends that the RFC should have contained more limitations [Doc. 12 at PageID #: 402]. But, the hypothetical question presented to the vocational expert and eventually adopted by the ALJ as the RFC finding need include only those functional limitations the ALJ found consistent with the record. *See Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 421 (6th Cir. 2014) ("The record reflects, however, that the hypothetical questions were proper because the ALJ incorporated all of the functional limitations that she deemed credible."). Substantial evidence, therefore, supports the ALJ's evaluation of the evidence and his RFC determination (Tr. 21-25).

The ALJ's RFC finding and the hypothetical questions mirroring it included those impairments which the ALJ found were supported by the evidence. Similarly, they excluded those impairments which the ALJ rejected for legally sufficient reasons. And, the ALJ's overall determination was supported by the vocational expert's testimony that Plaintiff could perform work existing in significant numbers in the national economy (Tr. 21, 25-26, 44-45). *See Justice v. Comm'r of Soc. Sec.*, 515 F. App'x 583, 588-89 (6th Cir. 2013) ("The ALJ incorporated all credible limitations into its examination of the vocational expert, who testified that Justice would be capable of performing . . . jobs that exist in significant numbers in the national economy. The ALJ therefore determined, based on substantial evidence, that Justice was not disabled because he could perform a number of other available jobs.").

## VI. Conclusion

Substantial evidence supports the ALJ's finding that Plaintiff could perform a full range of sedentary work activity with certain limitations [*See* Tr. 26]. Therefore, having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgment on the Pleadings [Doc. 11] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 17] will be **GRANTED**, and the decision of the ALJ will be **AFFIRMED**. Judgment will be entered in favor of the Defendant.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE